IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ELIEZER SANTANA BAEZ,**<br><br>     **Plaintiff**<br><br>          v.<br><br>**ADMINISTRACION DE CORRECCION, et al.,**<br><br>     **Defendants** | **CIVIL NO.** 09-2040 (JAG) |

**MEMORANDUM AND ORDER**

GARCIA-GREGORY, D.J.

On October 8, 2009, Eliezer Santana-Baez, ( "Plaintiff" or "Santana-Baez") filed a complaint pursuant to 42 U.S.C. § 1983. (Docket No. 4).  On November 24, 2009, Santana-Baez filed an Amended Complaint. (Docket No. 11). On April 22, 2010, defendants filed a Motion to Dismiss the Complaint (Docket No. 40).

Plaintiff's claim is against Carlos Molina, as Administrator of the Department of Corrections, and the Department of Corrections itself.  In his complaint Santana-Baez, an inmate housed in a Puerto Rico correctional institution, alleged that his civil rights are being violated due to the fact that prisoners are allowed to smoke in designated areas of the institution.  Plaintiff contends that

Civil No. 09-2040 (JAG)                                              2

this practice adversely affects his health as non smoker. He is seeking monetary damages from Defendants in the amount of five million dollars.

The Eleventh Amendment bars suits claiming of monetary damages against the Commonwealth of Puerto Rico. "The Eleventh Amendment bars suits from being brought in federal courts for monetary damages against states, unless the party being sued waives its immunity or consents to being sued." Cruz v. Puerto Rico, 558 F.Supp. 2d 165, 173-175 (D.P.R. 2007). "The Eleventh Amendment has been interpreted to bar suits for monetary relief against the agencies or instrumentalities of a state and against its offices in their official capacities." Kentucky v. Graham, 473 U.S. 159, 169 (1985). In other words, Eleventh Amendment immunity extends to arms or alter egos of the State as well as state employees exercising their official duties. Ainsworth Aristocrat Int'l Int'l. Party v. Tourism Co., 818 F.2d 1034 (1st Cir. 1987). "A suit against a state official in his or her official capacity is not a suit against the official rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Cosme-Perez v. Mun. of Juana Diaz, 585 F.Supp. 2d 229, 236 (D.P.R. 2008).

Civil No. 09-2040 (JAG)                                                3

    The First Circuit consistently has held that Puerto Rico is considered a 'State' for Eleventh Amendment purposes. Therefore, since Puerto Rico is afforded the same rights as a state and has not waived its claim to Eleventh Amendment Immunity, any private suit against the Commonwealth of Puerto Rico is barred. Jusino-Mercado v. Commonwealth of Puerto Rico, 214 F.3d 34, 37 (1st Cir. 2000). Consequently, the Eleventh Amendment bars the recovery of damages in a federal court against the Commonwealth of Puerto Rico and by the same token, it bars the recovery of damages in official capacity suits brought against Puerto Rico officials where recovery will come from public funds. Culebras Enter. Corp. V. Rivera Rios, 813 F.2d 506, 516 (1st Cir. 1987).

    Defendant Carlos Molina in his official capacity as Administrator of the Department of Corrections as well as the Department of Corrections itself function as arms of the Commonwealth of Puerto Rico and any judgment against the defendants in their official capacity would effectively be a judgment against the Commonwealth of Puerto Rico. Martinez Machicote v. Ramos Rodriguez, 553 F. Supp. 2d 45 (D.P.R. 2007). The Court therefore finds that the defendants are protected by the Eleventh Amendment. As such, Plaintiff Eliezer Santana-

Civil No. 09-2040 (JAG)                                                    4

Baez's claim against the defendants in their official capacity is barred.

The Court understands Plaintiff's health concerns and his situation given he is confined to an environment where he is exposed to the noxious effects of second hand smoke. However, the present complaint is barred, by law, and this Court may not grant Plaintiff the remedy he seeks. Plaintiff may still have a right to file another administrative complaint and seek a remedy through the appropriate administrative channels.

For the reasons set forth above, this Court finds that the claim raised by Eliezer Santana-Baez is not an actionable claim pursuant to section 1983 and as such it is hereby dismissed with prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th of March, 2011.

                                            S/ Jay A. García-Gregory
                                            JAY A. GARCÍA-GREGORY
                                            United States District Judge